

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-12-1040

| | | |
|---|---|---|
| | | **Opinion Delivered** November 6, 2013 |
| GREGG ANDERSON | | APPEAL FROM THE SALINE |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 63-DR-07-951-1] |
| V. | | |
| | | HONORABLE BOBBY |
| | | MCCALLISTER, JUDGE |
| BRANDY THOMAS | | |
| | APPELLEE | REVERSED |

## KENNETH S. HIXSON, Judge

This appeal involves the modification of custody of two minor children. Gregg Anderson, appellant, and Brandy (Thomas) Anderson, appellee, were divorced in Saline County Circuit Court on January 6, 2009. The parties agreed at the time of the divorce that they would share joint custody of their minor children but that Gregg would have primary custody subject to specific visitation rights of Brandy. Just over a year later, Gregg had the opportunity to move to Conway, Arkansas. Gregg properly petitioned the circuit court for permission to move to Conway and take the two minor children with him. On May 4, 2010, the parties entered into an agreed order that allowed Gregg to move to Conway to live with his new wife, Sandy. Once again, under the new agreed order, Brandy specifically agreed that joint custody would continue and that Gregg would remain the primary custodian and

Brandy's visitation, inter alia, was modified to three weekends per month, as well as Wednesday evenings during the school year.

After Gregg's move to Conway, the relationship between Gregg and Brandy devolved and deteriorated for a plethora of reasons. Each party filed various motions for contempt against the other. Finally, on May 4, 2011, Brandy filed a motion to change custody in Saline County Circuit Court, and Gregg filed a countermotion. The crux of Brandy's complaint was set forth in paragraph 4 of her petition: "The move [from Saline County to Conway] has interfered with the amount of time the children were spending with the defendant [mother]." Further, Brandy testified at a hearing that "I ask for full custody of the children and allege that the move to Conway has interfered with the amount of time that the children can spend with me." After multiple hearings, the trial court entered an order on August 7, 2012, finding that there had been a material change in circumstances and awarding primary custody to Brandy. The trial court awarded Gregg reasonable visitation similar to the visitation exercised by Brandy under the previous custody order. Gregg now appeals, arguing that the trial court erred in finding that there had been a material change of circumstances affecting the best interest of the children. We agree, and we reverse the trial court's order granting primary custody to Brandy.

Arkansas law is well settled that the primary consideration in child-custody cases is the welfare and best interest of the children; all other considerations are secondary. *Harris v. Harris*, 2010 Ark. App. 160, 379 S.W.3d 8. Generally, courts impose more stringent standards for modifications in custody than they do for initial determinations of custody. *Grisham v.*

2

*Grisham*, 2009 Ark. App. 260. The reason for requiring more stringent standards for modifications than for initial custody determinations is to promote stability and continuity in the life of the child, and to discourage repeated litigation of the same issues. *Id*.

The party seeking modification of the custody order has the burden of showing a material change in circumstances. *Alphin v. Alphin*, 364 Ark. 332, 219 S.W.3d 160 (2005). In order to change custody, the trial court must first determine that a material change in circumstances has occurred since the last order of custody; if that threshold requirement is met, it must then determine who should have custody with the sole consideration being the best interest of the children. *Tipton v. Aaron*, 87 Ark. App. 1, 185 S.W.3d 142 (2004). The trial court's findings on whether a material change in circumstances warrants a change in child custody will not be reversed on appeal unless they are clearly erroneous. *Shannon v. McJunkins*, 2010 Ark. App. 440, 376 S.W.3d 489.

Brandy testified that the parties' daughters have primarily resided with Gregg since 2007, which was two years prior to the divorce. After the parties divorced, Brandy remarried and she lives with her new husband in a house in Benton. Brandy testified that Gregg married Sandy in April 2010, and they now live in a house in Conway.

Brandy indicated that there had been communication problems between the parties since Gregg married Sandy, and that Gregg had changed his phone number to avoid her texts and phone calls. Gregg acknowledged as much, stating that Brandy would text him constantly to the point of harassment. Gregg testified that he was forced to change his cell phone numbers at least three times. Gregg stated that he did receive and periodically return

3

emails with Brandy about matters concerning the girls, and that he provided the girls with a cell phone so that Brandy could call them. As a result of Brandy's alleged excessive contact with Gregg, the trial court previously ordered that Brandy limit her emails to three per week.

Much of the animosity between the parties originated from two physical altercations that occurred in the presence of the children during visitation exchanges. The first occurred on Labor Day in 2010, when Brandy (ex-wife) and Sandy (current wife) got into an argument that became physical, resulting in each of them being convicted of disorderly conduct and a no-contact order being issued. The second conflict occurred a week later when Brandy's father accompanied her to exchange the children, confronted Gregg about the previous fight, and struck Gregg multiple times. That altercation resulted in a criminal conviction against Brandy's father. Brandy testified that both she and Gregg were at fault for these incidents. Pursuant to a motion by Brandy, the trial court ordered the girls to see a counselor as a result of being witness to these incidents. The counselor subsequently determined that the girls were doing well and needed no further counseling.

At the change-of-custody trial, by every witness's account, the two girls are happy and thriving in their father's custody. Both children are doing very well in school, participate in extracurricular activities, are well behaved, and have lots of friends. The principal of their elementary school testified that the girls have had no problems whatsoever, that he had no concerns at all about how they were being cared for, and that they were very smart. In Brandy's testimony, she stated that Gregg was a good father. She also acknowledged that her children had indicated that they wanted the custody arrangement to stay the same, but she said

that the girls did not know what was best for them and were simply familiar with the current situation.

In this appeal, Gregg first argues that the trial court's order changing primary custody to Brandy should be reversed because Brandy failed to demonstrate a material change in circumstances since the most recent custody order. We agree that the trial court clearly erred in this regard.

In the trial court's order it found:

> There has been a material change in circumstance to justify custody review. The Court based its decisions on several factors including the video of Brandy and her father, how far Gregg was willing to go to alienate himself from Brandy, the credibility of Gregg, and the largest factor was that Brandy wants to do something different.

We hold that none of the factors, either individually or collectively, relied on by the trial court amounted to a material change in circumstances to justify changing custody. The video of Brandy and her father showed her father assaulting Gregg at the visitation exchange, wherein Brandy appeared to be encouraging her father. The fact that Gregg does not want to associate with Brandy outside of matters regarding the welfare of their children does not constitute a material change, and there was little evidence that Gregg did anything to alienate Brandy from the girls. Gregg's credibility or lack thereof cannot by itself constitute a material change, nor can the fact that Brandy wants to do something different. By the very nature of child-custody-modification cases, a noncustodial parent petitioning for a change in custody will always want to do something different.

In Brandy's brief, she offers the following three factors as material changes in circumstances: (1) Gregg's remarriage; (2) the fights that occurred in the presence of the

5

children; and (3) the parties' complete inability to communicate without court intervention. However, none of these will suffice. Gregg's remarriage to Sandy cannot be a material change because it occurred contemporaneously with, and not after, the most recent agreed custody order on May 4, 2010. The fights between the parties, while occurring in the children's presence, were in some measure instigated by Brandy and her father, and at any rate they had ceased occurring long before the order was entered changing custody. And finally, the record did not demonstrate a complete inability of the parties to communicate; it rather showed that Brandy was unhappy with not being able to repeatedly contact Gregg and get immediate responses. On this voluminous record, we hold that none of the evidence, considered either individually or collectively, met the threshold requirement of being a material change in circumstances.

Moreover, we further conclude that, even had Brandy proved a material change in circumstances, the trial court also clearly erred in finding that a change of custody was in the children's best interest. It was undisputed that the children are very well acclimated in their new home in Conway with their father, and they are doing excellent in school, as well as in every other facet of their lives. Even Brandy testified that the girls are properly dressed for school, attend school every day, are involved in activities, and have many friends at school. Further, Brandy testified that the girls are not without anything and that Gregg takes good care of them. In the interest of promoting stability and continuity in the lives of these children, and in protecting what has proved to be a suitable and beneficial custody arrangement, it was not in their best interest to have custody changed.



Reversed.

WALMSLEY and BROWN, JJ., agree.

*Quincy W. McKinney*, for appellant.

*Tripcony, May & Associates*, by: *Stephanie A. Linam* and *Heather M. May*, for appellee.